UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVE ELLIS KARACSON,

    Plaintiff,

v.

STATE OF MICHIGAN,
MICHIGAN DEPARTMENT OF
CORRECTIONS,
WAYNE COUNTY JAIL,
PARNALL CORRECTIONAL
FACILITY,
DAVID SHAVER,
ST. LOUIS CORRECTIONAL
FACILITY, and
MICHAEL HATHAWAY,

    Defendants.

Case No. 21-cv-12101
Honorable Laurie J. Michelson

**OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS [5], DIRECTING PAYMENT OF AN INITIAL PARTIAL FILING FEE AND SUBSEQUENT INSTALLMENTS, AND SUMMARILY DISMISSING THE COMPLAINT WITHOUT PREJUDICE**

Plaintiff Steve Ellis Karacson, a state prisoner in the custody of the Michigan Department of Corrections (MDOC), filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 (ECF No. 1) and an application to proceed without prepaying the fees and costs for this action (ECF No. 5). The complaint alleges violations of Karacson's rights under the Sixth, Eighth, and Fourteenth Amendments to the United States Constitution. Most of the defendants are either immune from suit or not a "person" under § 1983, and Karacson has not adequately pled how defendant David Shaver

violated his constitutional rights. Accordingly, the Court will allow Karacson to proceed without prepaying the fees and costs for this action but will dismiss his complaint for failure to state a plausible claim for relief.

I.

Karacson has sued state and county entities and individuals. The state defendants are the State of Michigan, the MDOC, the Parnall Correctional Facility (where Karacson currently resides), and the St. Louis Correctional Facility. Karacson also appears to be suing David Shaver, the warden at Parnall. The county defendants are the Wayne County Jail and Wayne County Circuit Judge Michael Hathaway.

As against the MDOC, Parnall Correctional, and St. Louis Correctional (and possibly others), Karacson alleges that during the COVID-19 pandemic, prison guards at the St. Louis Correctional Facility refused to wear masks and said that they hoped to catch COVID so that they could get some time off. According to Karacson, the entire compound caught COVID. He was sent to the emergency room and then to the Duane Waters Hospital where he allegedly received no further medical attention. From there, he was sent to the Parnall Correctional Facility. Days later, his personal property arrived, but his legal work and food were missing. He wrote grievances to resolve the matter, but he was unsuccessful. (ECF No. 1, PageID.6-7, 9.) Karacson claims that the staff knew he was very ill and yet they left him to die in his bunk (*Id.* at PageID.8.)

Karacson also alleges that he was sent to the hospital on "12-12-18" and remained there for 11 days. (ECF No. 1, PageID.9.) But the date may be a typo as in

the very next sentence Karacson pleads, "I have memory recall issues and I have covid lung." (*Id.*)

In an unrelated claim, Karacson alleges that while he was confined at the Wayne County Jail, the voice recognition system on the pay phones did not work. Because of this, other inmates were able to use his phone privileges. In addition, there was no place to securely store his belongings. Karacson says that "between the phone and store," over $500 was stolen from him. (*Id.* at PageID.7-8.)

In still another unrelated claim, Karacson alleges that Judge Michael Hathaway denied him counsel at trial. (*Id.* at PageID.9.) This claim apparently arose during Karacson's state criminal trial. Karacson seeks a new trial in his state criminal case. (*Id.* at PageID.9.)

## II.

A preliminary issue is Karacson's application for leave to proceed without prepaying the fees or costs for this action. (ECF No. 5.) Karacson alleges that he earns no wages, has no money in a checking or savings account, and owns nothing of value. (*Id.* at PageID.51-52.) Given Plaintiff's apparent indigence, the Court will allow him to proceed without prepaying the fees and costs for this action.

Ultimately, however, Karacson must pay the full filing fee for this action. 28 U.S.C. § 1915(b)(1). The Court must assess and, if funds exist, collect an initial partial filing fee consisting of twenty percent of the greater of (1) the average monthly deposits to Karacson's trust fund account at the prison, or (2) the average monthly balance in Karacson's account for the six-month period immediately preceding the

filing of the complaint. *Id*. After Karacson pays the initial partial filing fee, he must make monthly payments of twenty percent of the preceding month's income credited to his account at the prison. 28 U.S.C. § 1915(b)(2).

The initial partial filing fee in this case is $47.00. The Court orders the MDOC to (1) withdraw this amount from Karacson's prison trust fund account when funds exist and to forward that amount to the Clerk of this Court. In subsequent months, or from time to time, the MDOC shall forward to the Clerk payments consisting of twenty percent of the preceding month's income credited to Karacson's account until Karacson has paid the entire filing fee of $350.00. The Court will notify the MDOC when Karacson has paid the entire filing fee.

### III.

The Court is required to screen new complaints filed by prisoners and to dismiss any complaint that is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (footnote and citations omitted). In other words, "a complaint must contain sufficient factual matter . . . to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual

4

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The term "frivolous" in § 1915, "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id.*

## IV.

### A.

As noted above, Karacson has sued the State of Michigan, the MDOC, two MDOC prisons, and the Wayne County Jail. The Eleventh Amendment bars suits against a state or one of its agencies or departments unless the state has consented to suit. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). "The state of Michigan . . . has not consented to being sued in civil rights actions in the federal courts," *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004), and "Congress did not intend to abrogate the states' Eleventh Amendment immunity by passing section 1983," *Thiokol Corp. v. Dep't of Treasury*, 987 F.2d 376, 383 (6th Cir. 1993) (citing *Quern v. Jordan*, 440 U.S. 332 (1979)).

"Eleventh Amendment immunity 'bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments, by citizens of another state, foreigners or its own citizens.'" *McCormick v. Miami Univ.*, 693 F.3d 654, 661 (6th Cir. 2012) (quoting *Thiokol*, 987 F.2d at 381). Therefore, the State of Michigan and the MDOC are immune from suit under the Eleventh Amendment and are dismissed from this lawsuit.

Likewise, "a state prison facility is not a person or legal entity capable of being sued under § 1983." No. 19-11202, *Bassler v. Saginaw Corr. Facility*, 2019 U.S. Dist. LEXIS 100518, at *4 (E.D. Mich. June 17, 2019) (citing cases); *Anderson v. Morgan Cty. Corr. Complex*, No. 15-6344, 2016 WL 9402910, at *1 (6th Cir. Sept. 21, 2016) (unpublished). Jails also are not legal entities susceptible to suit. *Watson v. Gill*, 40 F. App'x 88, 89 (6th Cir. 2002). Accordingly, the Parnall Correctional Facility, the St. Louis Correctional Facility, and the Wayne County Jail are dismissed from this action.

## B.

The remaining defendants are two individuals: David Shaver, the warden at the Parnall Correctional Facility, and Michael Hathaway, a judge or former judge for Michigan's Third Judicial Circuit Court. Karacson alleges that Judge Hathaway deprived him of counsel during his state criminal trial.

"Judges generally speaking have broad immunity from being sued." *Norfleet v. Renner*, 924 F.3d 317, 319 (6th Cir. 2019) (citing *Mireles v. Waco*, 502 U.S. 9, 9 (1991), and *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 351–52 (1871)). This immunity extends to actions for injunctive relief. *See* 42 U.S.C. § 1983 (stating that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable"). Judicial immunity is only overcome when the judge takes a "nonjudicial action" or actions that are judicial in nature but "taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11–12

6

(internal and end citations omitted). The factors used to determine "whether an act by a judge is a 'judicial' one relate to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity." *Stump v. Sparkman*, 435 U.S. 349, 362 (1978).

Whether to appoint counsel in a criminal case is a judicial function, and Karacson has not shown that the Wayne County Circuit Court lacked jurisdiction over his criminal case in which Judge Hathaway was presiding. Therefore, Judge Hathaway is immune from suit.

That leaves Shaver. To the extent that Karacson has sued Shaver in his official capacity for money damages, that claim is not viable: an official acting in his official capacity is not a "person" under § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Additionally, Karacson has not pled what Shaver did to violate his constitutional rights. Karacson has not alleged that Shaver was directly involved in the alleged indifference to his medical needs or the loss of his personal property while he was in state custody. Yet "a civil rights plaintiff must plead what each Government-official defendant, through the official's own individual actions, did to violate the Constitution." *Iqbal*, 557 U.S. at 676; *see also Gardner v. Evans*, 920 F.3d 1038, 1051 (6th Cir. 2019) ("A plaintiff must therefore show how each defendant directly participated in the alleged misconduct, at least by encouraging, implicitly authorizing, approving or knowingly acquiescing in the misconduct, if not carrying it out himself." (internal quotation marks omitted)).

7

Because Karacson's allegations do not allow the Court to draw the reasonable inference that Shaver is liable for the misconduct alleged in the complaint, Shaver is dismissed from this lawsuit.

V.

As the Court will dismiss Karacson's complaint without prejudice to refiling, the Court makes two points about Karacson's current filings.

Upon review of the Court's electronic filing system, it appears that on September 1, 2021, Karacson sent a single mailing to the Clerk's Office, and the Clerk's Office thought Karacson had intended to file three cases. The end result was that one of Karacson's cases is this one before the undersigned, Judge Laurie Michelson (Case No. 21-12101). Another case is now pending before Judge Thomas Ludington (Case No. 21-12102). And a third case is a habeas corpus case pending before Judge Robert Cleland (Case No. 21-12103). Unsurprisingly given the single mailing, these three cases overlap. As noted, in this case, Karacson has alleged that Judge Hathaway denied him counsel during his state criminal trial. That claim belongs in the habeas corpus case before Judge Cleland. And warden Shaver, even though dismissed from this case for failure to state a claim, is the proper respondent in the habeas corpus case before Judge Cleland. Further, in the case before Judge Ludington, Karacson pursues a class action related to COVID-19 but has also attached an entire brief relating to trial errors (quite possibly the brief that Karacson used on direct appeal in his criminal trial). All of this is a bit of a mess.

And that brings the Court to its second point. Karacson has alleged claims arising out of events that occurred during his state court trial, at the Wayne County Jail, at Parnell Correctional, and at St. Louis Correctional. And that does not even include a possible claim about hospitalization on "12-12-18." Yet, litigants are not permitted to file a single complaint that contains unrelated claims. Under Federal Rule of Civil Procedure 20, "Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of *the same transaction, occurrence, or series of transactions or occurrences; and* (B) *any question of law or fact common to all defendants will arise in the action.*" (Emphasis added). Here, for example, there is no relation between problems with the voice recognition system at the Wayne County Jail and COVID-19 at Parnell Correctional. Those claims (and others) do not belong in one suit. And a civil rights complaint and habeas petition need to be separate filings.

Should Karacson refile any of his claims (against the proper defendants) he must limit each complaint to claims arising out of a single event or series of closely related events. Further, Karacson must use a separate mailing envelope for each case initiated and include the proper case number.

## VI.

In sum, Karacson's allegations lack an arguable basis in law and fail to state a plausible claim for which relief may be granted. Accordingly, it is ORDERED that the complaint is summarily DISMISSED WITHOUT PREJUDICE under 28 U.S.C.

9

§§ 1915(e)(2)(B) and 1915A. It is further ORDERED that an appeal from this order would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

    IT IS SO ORDERED.

    Dated: November 8, 2021

                                        s/Laurie J. Michelson
                                        LAURIE J. MICHELSON
                                        UNITED STATES DISTRICT JUDGE